IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON and KIMBERLY TAYLOR, Brother and Sister, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number CIV-21-15-C ) |
| STATE FARM, FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims for breach of contract and bad faith following disagreement over the extent of hail damage to a home owned by Plaintiffs and insured by Defendant. Defendant seeks dismissal of the case based on Plaintiffs' failure to timely effect service of process. This action was originally filed in state court on June 8, 2020, by Plaintiffs acting pro se. Plaintiffs retained counsel on November 5, 2020. Counsel filed an Amended Petition on November 23, 2020, properly naming Defendant. Defendant was served on December 8, 2020. Defendant then removed the action on January 11, 2021. Plaintiffs concede service was untimely but argue they have demonstrated good cause for the delay. The parties are in agreement that if the Court grants Defendant's Motion, the dismissal will be without prejudice and that Plaintiffs could then refile the action.

Because the events determinative of Defendant's Motion occurred prior to removal, the Court will be guided by Oklahoma law. The issue is governed by 12 Okla. Stat. § 2004(I). That statute states:

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice. The action shall not be dismissed if a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition.

Unless Plaintiffs demonstrate good cause for the delay, their action is deemed dismissed as of the 181st day. Thibault v. Garcia, 2017 OK CIV APP 36 ¶ 17, 398 P.3d 331, 334-35. Neither party offers any Oklahoma authority for what constitutes good cause or how Plaintiffs' efforts should be measured. The Oklahoma Supreme Court has suggested this is largely a matter for the Court's discretion. See Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 11, 194 P.3d 1285, 1289 ("Whether good cause has been demonstrated is left largely to the discretion of the trial court."). Guiding the exercise of this discretion is the overarching desire for cases to be resolved on their merits.

> "While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties

tried upon the merits. The latter is and should be the primary right of the parties and duty of the courts."

Boston v. Buchanan, 2003 OK 114, ¶ 17, 89 P.3d 1034, 1040–41 (quoting Beck v. Jarrett, 1961 OK 162, 363 P.2d 215, 218).  In an affidavit by counsel, Plaintiffs assert the delay in service arose from the late entry of counsel, which occurred several months after the action had been filed; counsel's need to investigate the facts of the case to ensure it had merit; ensuring that the proper Defendant was named; a delay in learning that summons had been issued due to COVID-19 restrictions in the state court (this occurred despite Plaintiffs' counsel submitting a postage-paid envelope for return of the summons once issued); and overall press of counsel's other cases and the intervening Thanksgiving holiday.  After consideration of these facts, the Court finds that Plaintiffs have demonstrated good cause for delay in serving Defendant.  Accordingly, Defendant's Motion will be denied.

## CONCLUSION

As set forth more fully herein, Defendant's Motion to Dismiss (Dkt. No. 6) is DENIED.  Plaintiffs' Unopposed Motion to Supplement Their Response and Objection to Defendant's Motion to Dismiss (Dkt. No. 11) is moot.

IT IS SO ORDERED this 17th day of February, 2021.

ROBIN J. CAUTHRON
United States District Judge