IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON and KIMBERLY TAYLOR, Brother and Sister, )<br>)<br>) | |
| Plaintiffs, )<br>) | |
| v. ) | Case No. CIV-21-15C |
| ) | |
| STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>) | |
| Defendant. ) | |

## PROTECTIVE ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's Unopposed Motion for Protective Order ("Motion") [Doc. No. 24]. The Motion indicates that confidential and proprietary business information has been and may be requested, produced, or exhibited by and between the parties in the above-captioned case (the "Litigation"), and that the parties have agreed on the terms of a proposed stipulated protective order to restrict the disclosure of such information. Based on the parties' submissions, the Court GRANTS the Motion and ORDERS as follows:

1. This Order establishes procedures to facilitate the exchange of information while maintaining the confidentiality of personal, technical, financial, and commercial information (referred to herein as "Confidential" or "Confidential Information"). The Order establishes the parameters of Confidential Information and the protection and use of Confidential Information and post-trial or appeal disposition of Confidential Information. This Order also governs the procedures for challenging designations of

confidentiality. Further, this Order governs disposition of all Confidential Information produced or revealed during the course of this action. This Order is limited to the exchange of discovery materials, and thus governs only the parties and their handling of discovery materials. Nothing in this Order limits the Court's handling of discovery materials, nor creates any basis upon which a party may file a document under seal. If the parties desire to file something under seal, they must make an appropriate motion, and the Court will evaluate such requests on a document-by-document basis, applying the applicable standards set forth in the ECF Policies and Procedures Manual, § III.A and elsewhere.

2. This Order applies to all information and materials produced by both Parties and non-parties to this Litigation that may be designated as "Confidential," including deposition testimony and transcripts, documents or tangible things, electronic files and electronic mail, as well as answers to interrogatories, requests for admissions and requests for production, regardless of whether obtained by subpoena.

3. Materials designated as "Confidential" shall be only those documents, materials, tangible things, electronic or otherwise, deposition testimony or information which are deemed in good faith by the producing Party or non-party to constitute personal, technical, financial, and/or commercial information that is confidential or proprietary.

4. Confidential Information shall not be used for any purpose unrelated to the prosecution or defense of the Litigation (including, without limitation, discovery, other pre-trial proceedings, trial, appeal, or settlement), provided that this restriction on use

{S585087;}                                   2

shall not be construed to prevent counsel or experts to whom Confidential Information is disclosed from representing or being retained by Parties in other litigation, even though that other litigation may involve issues similar or identical to those involved in this Litigation. Confidential Information shall not be shown, made available, provided, communicated, or disclosed to anyone other than Qualified Persons (as defined below) except in accordance with this Order, unless agreed otherwise in writing or so ordered by the Court.

5. Any Party or non-party may designate as "Confidential" documents, materials, tangible things or other information by using the following designation: "Confidential." Such designation shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document. Additionally, the contents of electronic media may be designated in any reasonable fashion, including by labeling the media or any package or case in which the media is ordinarily stored as "Confidential," or by separate letter designation.

6. A portion of a deposition transcript may be designated as Confidential Information if: (1) the transcript evidences the substance of a document or information designated as "Confidential" information; (2) a statement is made on the record during the course of the deposition, through counsel for the designating Party, as to the confidentiality of that portion of the deposition that counsel in good faith believes to contain Confidential Information; or (3) within 30 days after the deposition transcript is delivered, written notice is given to all counsel for the recipient Parties that identified portions of the deposition transcript are to be designated as "Confidential." Upon such

notice, the reporter shall promptly prepare a transcript containing all non-confidential content and a separate transcript for content designated as confidential with "Confidential" stamped on each page so designated. Should such notice be given after initial transcripts are provided to the parties' counsel, such counsel shall destroy all initial transcripts upon receipt of the replacement transcripts. The portions so designated shall not be utilized or disclosed by any recipient Party, its agents, or its employees, except in accordance with the terms of this Protective Order.

7. Nothing in this Order is intended to, or shall be construed to, prevent a Party or his/her/its counsel from providing or disclosing documents or written information in response to an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order. If a Party receives an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order, effective notice shall be provided to the disclosing Party or non-party of said request in order to give the disclosing Party or non-party reasonable time to act to seek protection of its rights.

8. For purposes of this Order, "Qualified Persons" with respect to documents, materials, or other information designated as "Confidential" are defined as follows:

    A. Attorneys for all Parties to this Litigation, including in-house counsel for any insurers;

    B. Named Parties and their representatives;

    C.    Employees of Parties that are corporations, partners, or other entities, or employees of other entities retained by Parties, who are responsible for assisting counsel in the conduct of this action;

    D.    Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Protective Order;

    E.    Employees of other entities retained by the Parties, who are responsible for assisting counsel in the conduct of this action;

    F.    Experts or consultants that are employed or retained to assist counsel in this action or designated as trial witnesses;

    G.    Deponents and their counsel during the course of depositions taken in this action;

    H.    Trial witnesses;

    I.    Potential witnesses who are the author(s) or recipient(s) of the document, the original source of the information or employees or agents of the entity producing or receiving the information;

    J.    Any mediator or arbitrator in this action; and

    K.    Any other person authorized by the Court or agreed to in writing by the Parties.

Qualified Persons, in turn, shall not disclose any information marked as "Confidential" to any other persons or entities. "Confidential" documents, materials, and information shall not be used by any person or business for competitive purposes or for any purpose other than solely for the preparation and trial of this action and appeals therefrom except as provided in paragraph 14.

    9.    Except during trial, each person given access to material designated as Confidential Information or copies thereof shall be advised of the existence and contents of this Order, and experts retained by counsel for the Parties shall acknowledge receipt of

same in writing in the form annexed hereto as Exhibit "A". Signed copies of Exhibit "A" shall be retained by counsel for the Party making the disclosure.

10. A person receiving Confidential Information shall not reveal such information to or discuss such information with any person who is not entitled to receive such information as set forth in paragraph 8 above.

11. The Parties shall have the right to seek additional restrictions on the disclosure of any Confidential Information by agreement or by order of the Court.

12. A Party may dispute a producing Party's or non-party's designation or failure to designate material as Confidential Information by giving written notice to the producing Party or non-party at any time. If the Parties, and any implicated non-parties, are not able to resolve the dispute as to the material specified in such written notice within 10 business days of the producing Party's or non-party's receipt of such written notice, the dispute shall be submitted to the Court for resolution by way of a motion filed by the Party seeking to classify documents or material as "Confidential" documents or seeking to declassify the documents or materials. The burden of proving the documents are properly classified and treated as confidential shall be on the Party or non-party claiming the "Confidential" designation in the same manner as if the Party or non-party were moving for a Protective Order in the absence of this Order.

13. In the event any Party to the Litigation files with the Court any pleading, motion, exhibit, or other paper that contains material designated as Confidential Information, the filing party shall seek leave of Court to file such material under seal as allowed under any applicable Local Rule(s) or Chamber Rule(s). Any sealed document

must be electronically filed pursuant to ECF Policies & Procedures Manual, §§ II.H and III.A, and the instructions for Filing and Viewing Civil Sealed/Ex Parte Documents. Confidential Information filed under seal shall be maintained under seal in the record and shall not be published or publicly disseminated except on further order of the Court after due notice to the Parties. Any Party to the Litigation shall have the right to move the Court to unseal the record with respect to such documents upon a showing of good cause.

14.   Upon termination of the Litigation, counsel for each Party shall promptly destroy or return all discovery material designated as "Confidential" or "Confidential Information" and all copies, reproductions, extracts, and summaries of all such discovery material to the disclosing Party. As to materials which contain or reflect Confidential Information, but which constitute or reflect counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains Confidential Information subject to this Protective Order. Counsel for the Parties shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain Confidential Information subject to this Protective Order and may not be used in connection with any other proceeding or action. Provided, however, that Confidential Information or documents retained by Defendant State Farm Fire and Casualty Company shall be destroyed at the earliest date that permits State Farm to comply with its retention obligations under applicable insurance regulations, including

antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and State Farm's regular business practices for destruction of documents. Nothing in this Protective Order shall prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic Confidential Information or documents as authorized or as reasonably required by federal or state law or regulation, or court order or rule (including any applicable court rules concerning preservation of evidence relevant to litigation).

15. The designation of documents or written information as Confidential Information shall not preclude their introduction, admissibility, or use at trial or any hearing or on appeal, subject to recognized evidentiary objections or subject to such conditions or restrictions that may be ordered by the Court.

16. This Order does not affect any Party's or non-party's obligation to submit a privilege log or to comply with discovery or disclosure requests as required by the Federal Rules of Civil Procedure.

17. The following rules will apply to the inadvertent production of privileged documents or information in the Litigation, whether or not designated as Confidential Information: The inadvertent production or disclosure of documents produced or to be produced in the Litigation that constitute, contain, or reflect information protected by the attorney-client privilege, the work-product privilege, or any other privilege or immunity shall not, and does not, constitute a waiver, in whole or in part, of the privilege claimed as to such documents or any other documents produced or to be produced in the Litigation. In the event a producing Party or non-party discovers that an inadvertent

production or disclosure of privileged documents was made, the producing Party or non-party shall provide written notice of the inadvertent production or disclosure. Such written notice shall be provided within 10 business days of the date of discovery of the inadvertent production or disclosure and shall identify the documents claimed to have been inadvertently produced by production numbers or other identification and shall state the privilege(s) asserted. The identified documents claimed as privileged and any copies of them (including any copies given to third-parties) shall then be promptly returned to the producing Party or non-party. Original recipients of the identified documents shall not use or disclose the content of such documents for any purpose, pending further order of the Court regarding the privileged nature of the documents that are the subject of the written notice.

18. This Order is intended to facilitate discovery while preserving claims of confidentiality, not to waive any claims or rights regarding confidentiality or privilege. Accordingly, Parties and non-parties shall not be deemed to have waived any claims of confidentiality or privilege merely because they have stipulated to this Order or provided information under the terms of this Order. Parties and non-parties will produce discovery materials under the terms of this Order, but execution of this Order does not constitute a representation by the executing Parties that it possesses materials that are responsive to any particular question or request posed in discovery.

19. The conclusion of the Litigation shall not relieve counsel or any person permitted access to material designated as Confidential Information pursuant to this Order from the obligations set forth herein, and this Court shall retain jurisdiction after

the final disposition of this Litigation for the purpose of any application to enforce the provisions of this Order, assuming a basis for subject-matter jurisdiction exists. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by further order of this Court.

20. This Order is binding upon the Parties to this action and non-parties that produce documents, their officers, agents, servants, employees, representatives and attorneys, and upon those persons, including without limitation, outside experts, in active concert or participation with them who receive actual notice of this Order by personal service or otherwise. The Court retains jurisdiction over all such persons for the purpose of enforcing this Order.

21. Nothing in this Order shall be construed to prohibit a producing Party or non-party from using his/her/its own material in whatever manner he/she/it chooses.

IT IS SO ORDERED this 9th day of September 2021.

*signature*

ROBIN J. CAUTHRON
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEON and KIMBERLY TAYLOR, ) <br> Brother and Sister, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE AND ) <br> CASUALTY COMPANY ) <br> ) <br> Defendant. ) | Case No. CIV-21-15C |

## **EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated September __, 2021, in the above-captioned action and attached hereto [Doc. No. __], understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Oklahoma in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents and materials designated "Confidential" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom except as permitted by the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          Signature: _____

11